UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re                                        )
                                             )
LINDA J. NOFZIGER,                           )   Case No. 6:04-bk-09253-KSJ
                                             )   Chapter 7
            Debtor.                          )
                                             )
_____        )

MEMORANDUM OPINION DENYING AMENDED
MOTION FOR RELIEF FROM STAY FILED BY MITCHEL KALMANSON

Mitchel Kalmanson, a creditor of the debtor, is involved in at least three separate lawsuits. In his amended motion for relief from stay (Doc. No. 241), Kalmanson seeks relief from the automatic stay in order to obtain discovery from the debtor, Linda Nofziger, in connection with these three pending actions.

Courts have adopted a balancing test for determining whether to modify the automatic stay to permit a pending action to proceed in another forum. A court should balance the prejudice to the debtor against the hardship to the moving party if the stay remains in effect as well as consider the efficient use of judicial resources, the location of witnesses, documents, and other necessary parties. A court can examine whether a creditor has a probability of success on the merits of his case. In re Aloisi, 261 B.R. 504, 508 (Bankr. M.D. Fla. 2001) (citing In re Salisbury, 123 B.R. 913 (S.D.Ala.1990); Murray Industries, Inc. v. Aristech Chemical Corporation (In re Murray Industries, Inc.) 121 B.R. 635, 636-37 (Bankr.M.D.Fla.1990); Int'l Bus. Mach. v. Fernstrom Storage and Van Co. (Matter of Fernstrom Storage and Van Co.), 938 F.2d 731, 735 (7th Cir.1991) (citations omitted)).

Applying the above standard to this case, first, Kalmanson seeks to take discovery of the debtor in connection with an adversary proceeding[1] brought by Kalmanson against *another* debtor, Nancy Adams, filed with this Court (the "Adams AP")(Movant's Ex. No. 3). Because the issues raised in the Adams AP are very similar to the factual issues raised in a similar adversary proceeding Kalmanson filed against the debtor in this case, Linda Nofziger, the Court consolidated the two adversary proceedings (Doc. No. 39 in Adversary Proceeding 6:05-ap-185). Because the two adversary proceedings are now consolidated for all purposes, including discovery, the normal rules of discovery apply. Fed. R. Bankr. P. 7026 and 7042; In re American Way Service Corp., 229 B.R. 496, 537 (Bankr.S.D.Fla.1999) (Consolidating two adversary proceedings for purposes of discovery and trial, and acknowledging that the two formerly separate actions did not lose their separate identity). Kalmanson is free to pursue discovery from both Nofziger and Adams in these consolidated adversary proceedings. No relief from the automatic stay is needed.

Second, Kalmanson seeks to propound discovery against Nofziger in connection with a pending action brought by him against Nofziger and Adams in Florida state court. (Movant's Ex. No. 1.) As just discussed, both of these defendants are now Chapter 7 debtors, and the claims raised by Kalmanson in the pending, consolidated adversary proceedings assert the same exact issues raised by him in this state court proceeding. At this time, Kalmanson has not added any additional parties to the pending state court action.

Although Kalmanson may at some point in the future choose to raise new claims against new defendants, at this time, he has failed to show why this dormant litigation should continue for any purpose. There is no reason to continue discovery in a state action where the claims are

---

[1] Nancy Adams filed a Chapter 7 liquidation case before this Court, Case Number 6:05-bk-03222-KSJ, on March 31, 2005. Later, Mr. Kalmanson filed adversary proceeding 05-185 against Ms. Adams asserting various claims against her and contending that any debt due by her to him is not dischargeable.

properly framed in pleadings filed before this court, all defendants are involved in bankruptcy cases, and the consolidated adversary proceedings are the appropriate forum to resolve the contested issues.

Indeed, after a lengthy evidentiary hearing held over two days in January 2006, the Court previously denied Kalmanson's prior motion for relief from stay (Doc. No. 24), in which he sought to modify the automatic stay to allow him to continue with this exact same litigation against Nofziger and Adams in state court (Doc. No. 66). To some extent, Kalmanson is seeking to circumvent this prior ruling by asking to return to the state court action for further discovery, when no defendants currently are named in that action. Applying the balancing test articulated above, the Court holds that Kalmanson has failed to demonstrate sufficient cause for modification of the automatic stay to allow him to proceed with discovery against Nofziger in the state court action.

Third, Kalmanson contends that Nofziger's deposition testimony may be relevant to resolve issues raised in the state court divorce action between Kalmanson and his former wife. This dissolution case has lasted years and is very contested. Recently, motions asking the state court to reopen and to reconsider various matters were filed by the feuding spouses. Kalmanson argues that Nofziger's testimony is needed as a fact witness only and is not intended to elicit information for use in connection with the pending consolidated adversary proceedings. The automatic stay does not protect a debtor from testifying in connection with pending litigation as long as the discovery or testimony is not intended to assert a claim against the debtor or property of the debtor's estate. In re Miller, 262 B.R. 499, 503 (9th Cir. B.A.P. 2001) (Automatic stay did not protect debtor from having to comply with discovery requests in multidefendant case in which debtor was one of the defendants, so long as the discovery requests pertained only to creditors' claims against other, non-debtor defendants); America Online, Inc. v. CN Productions,

Inc., 272 B.R. 879, 882 n.6 (E.D.Va. 2002) (citing In re Hillsborough Holdings Corp., 130 B.R. 603, 605 (Bankr.M.D.Fla.1991) ("holding that the automatic stay did not prevent discovery aimed at debtor as long as the discovery pertained to claims and defenses of a non-debtor party")). Therefore, no modification of the automatic stay is necessary because the stay does not limit this type of third party testimony.

As such, the automatic stay does not prevent Kalmanson from taking the factual testimony of Nofziger in his pending divorce action, if the discovery is limited to issues raised in the divorce action and the discovery is not intended to be used for any purpose in the consolidated adversary proceedings pending before this Court. However, the fact that this discovery will occur in another forum does not lessen in any way the confidentiality requirements set forth in this Court's order of October 8, 2004 (Doc. No. 31).

Accordingly, for the reasons stated above, Kalmanson has failed to establish any basis to modify the automatic stay. The Amended Motion for Relief from Automatic Stay is denied. A separate order consistent with the Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, this 7th day of April, 2006.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor: Linda J. Nofziger, 24320 County Road 44A, Eustis, FL  32726

Debtor's Counsel:  Arlys L. Buschner, 1320 North Semoran Blvd., Suite 104, Orlando, FL  32807

Creditor's Counsel:  David R. McFarlin, Esquire, 1851 West Colonial Drive, Orlando, FL  32804

Carla Musselman, Trustee, 1619 Druid Road, Maitland, FL  32751

Trustee's Counsel:  John H. Meininger, III, P.O. Box 1946, Orlando, FL  32802-1946

United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL  32801