UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| LINDA J. NOFZIGER, ) | Case No.  6:04-bk-09253-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

MEMORANDUM OPINION DENYING
MOTION BY MITCHEL KALMANSON FOR RELIEF FROM SEAL ORDER

This case is before the Court on a Motion filed by Mitchel Kalmanson (the "Motion") (Doc. No. 228) seeking relief from a protective order this Court entered on October 8, 2004 (the "Protective Order") (Doc. No. 31) prohibiting discovery inquiries pertaining to the debtor, her family or her finances prior to September, 1999.  After reviewing the pleadings and considering the position of interested parties, the Court finds that the movant has failed to demonstrate any credible basis for the Court to order the debtor to divulge the requested information.

The Court previously has found that the debtor received a new identity as of September, 1999 pursuant to a federal identity protection program. Because any disclosure of information relating to the debtor or her prior identity could threaten the safety of the debtor and her family, the Court, acting out of concern for the safety of the debtor and her family, entered the Protective Order.  Paragraph 4 of the Protective Order specifically provided the following limitations on future discovery:

> With regard to any other future discovery concerning the debtor in any capacity, it is ordered that the Debtor, Linda Nofziger, does not have to answer any question or inquiry, nor provide any information of any kind concerning herself, her family, or her finances prior to September 1999.  However, …, this order is subject to the right of a party in interest to request such information if needed….The Movant must demonstrate a basis and a need … to inquire as to any information concerning the Debtor, her family or finances prior to September 1999.

In the current motion, Kalmanson is attempting to establish a "basis or need" to inquire about the debtor, her family or her finances prior to September 1999. Kalmanson asserts two reasons why he needs to discover information about the debtor's life prior to 1999.

First, Kalmanson argues he needs the discovery in connection with a pending state court matter, styled as <u>Mitchel Kalmanson vs. Linda J. Nofziger</u>, Case No. 03-Ca-2679-16-L (the "State Lawsuit"). The issues raised in the State Lawsuit are virtually identical to the issues raised in a pending adversary proceeding brought by Kalmanson against the debtor, Adversary Proceeding No. 06-35. Moreover, the state court action names only two defendants—Linda Nofziger and Nancy Adams, who is also a debtor in a separate Chapter 7 case, Case No. 05-3222. Raising similar issues to those asserted in the State Lawsuit, Kalmanson has filed an adversary proceeding against Ms. Adams, Adversary Proceeding No. 05-185. Because the same issues asserted in the State Lawsuit are raised in the two related adversary proceedings, the Court has consolidated both of these adversary proceedings, and the actions are proceeding in due course. Moreover, the pendency of these bankruptcies has invoked the protection of the automatic stay. As such, Kalmanson can take no action in the State Lawsuit. No discovery can occur. As such, Kalmanson has failed to establish any "basis or need" for discovery in the State Lawsuit.

Second, Kalmanson asserts that he may need "third party discovery" against the debtor in his own divorce action, which was filed in 2000. Although he states that he "does not seek discovery against the debtor for purposes of asserting any claims against the debtor", he fails to assert a credible basis why discovery against the debtor for actions occurring prior to 2000 are relevant or could lead to the discovery of admissible evidence. The pending divorce action was not filed until 2000. The debtor did not meet Kalmanson's former wife until after she filed for the divorce. Kalmanson had no contact with the debtor until sometime later. Kalmanson simply

argues that he wants to ask the debtor about her conduct prior to 1999 "to evaluate the truthfulness of the debtor and establish a patter of behavior."

Evidence rules clearly allow a court to balance a party's request for an ambiguous fishing expedition against the need to protect a legitimate security concern of an opposing litigant. Pursuant to Federal Rule of Evidence 611(a) and Federal Rule of Civil Procedure 26(c), a court can take all reasonable steps necessary to protect a party during discovery, at trial, and thereafter. Fed. R. Evid. 611(a) ("The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to ⋯ (3) protect witnesses from harassment or undue embarrassment"); Fed. R. Civ. Pro. 26(c) (permitting the court to make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden ⋯ (1) including an order that that the disclosure or discovery not be had; or (2) may be had only on specified terms and conditions, ⋯ (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters; ⋯ (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court."); <u>Carhart v. Ashcroft</u>, 300 F.Supp.2d 921, 923 (D.Neb.2004) ('where the safety ⋯ of a witness ⋯ might be jeopardized by compelling testimony to be given under normal conditions, the courts have permitted testimony to be given in camera, outside the courtroom, or under other circumstances that afford protection.') (*citing* 28 Charles A. Wright & Victor J. Gold, *Federal Practice and Procedure* § 6164, at 350-51 (1993)).

Here, the Court already has found that the debtor's safety and the safety of her two children would be threatened if they were required to divulge information about their past lives, prior to 1999 and, accordingly, took the unusual step of entering the Protective Order. Pursuant to this order, parties are restricted from inquiring about the debtor's past life but are perfectly free to take any type of discovery for events occurring more recently. None of the allegations—

in Kalmanson's divorce, in the State Lawsuit, or the two adversary proceedings filed in this Court—raise any claim arising prior to 1999. Kalmanson simply has failed to allege any credible basis or need to ask about the debtor, her family or their finances prior to 1999. Accordingly, the Motion by Mitchel Kalmanson for Relief from Seal Order (Doc. No. 228) is denied. A separate order consistent with this opinion shall be entered.

In addition, to the extent Kalmanson seeks in the future to establish a "basis or need" for such protected discovery against the debtor, the Court will establish procedures he should follow. He should file, under seal, specific written interrogatories. Further, in making such a request, Kalmanson should explain why he needs answers to the interrogatories seeking information of the debtor prior to 1999, and explain why these answers could lead to the discovery of admissible evidence. The Court then will review the interrogatories and direct the debtor to answer, if appropriate.

DONE and ORDERED in Orlando, Florida, this 30th day of June, 2006

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies furnished to: