UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| LINDA J. NOFZIGER, ) | Case No. 6:04-bk-09253-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

MEMORANDUM OPINION DENYING MOTION FOR RECONSIDERATION
OF OBJECTION TO CLAIM OF EXEMPTION AND ORDER
OVERRULING OBJECTIONS TO DEBTOR'S HOMESTEAD EXEMPTION

This case came on for hearing on June 15, 2006, on Mitchel Kalmanson's Motion seeking Reconsideration (the "Motion for Reconsideration") (Doc. No. 286) of his Objection to Claim of Exemption (Doc. No. 237) and this Court's Order Overruling Objections to Debtor's Homestead Exemption (Doc. No. 283). After reviewing the pleadings and considering the position of interested parties, the Court denies the Motion for Reconsideration.

In addressing requests to reconsider orders, made pursuant to Federal Rule of Civil Procedure 60, courts construe such requests as motions to alter or amend a judgment pursuant to Rule 59(e)[1] if the motions are filed within ten days of the trial court's entry of judgment. Here, the Motion for Reconsideration was filed within this 10-day period and shall be treated as a Motion to Alter or Amend Judgment pursuant to Rule 59(e). In re Mathis, 312 B.R. 912, 914 (Bankr.S.D.Fla.2004) (citing Hatfield v. Board of County Commissioners, 52 F.3d 858 (10th Cir.1995); accord Mendenhall v. Goldsmith, 59 F.3d 685 (7th Cir.1995); Goodman v. Lee, 988 F.2d 619 (5th Cir.1993)).

---

[1] Federal Rule of Civil Procedure 59(e) provides as follows:

**(e) Motion to Alter or Amend Judgment.** Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

"Reconsideration of an order under Rule 59(e) 'is an extraordinary remedy to be employed sparingly'" due to interests in finality and conservation of judicial resources. Mathis, 312 B.R. 912, 914 (citing Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D.Fla.1994); accord Taylor Woodrow Construction Corp. v. Sarasota/Manatee Airport Authority, 814 F. Supp. 1072, 1073 (M.D.Fla.1993)). "The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory...[or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." Mathis, 312 B.R. 912, 914 (citing Mincey v. Head, 206 F.3d 1106 (11th Cir.2000) (quoting In re Halko, 203 B.R. 668, 671-672 (Bankr.N.D.Ill.1996)). Rather, the movant must prove manifest errors of law or fact or new evidence. In re Loewen Group Inc. Securities Litigation, 2006 WL 27286, *1 (E.D. Pa. 2006) (citing Egervary v. Rooney, 80 F.Supp.2d 491, 506 (E.D.Pa.2000) (citation omitted). "A motion for reconsideration 'addresses only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through-rightly or wrongly.'" Loewen, 2006 WL 27286, *1 (citing Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa.1993)) (quotations omitted). "Mere dissatisfaction with the court's ruling is not a proper basis for reconsideration." Loewen, 2006 WL 27286, *1 (citation omitted). "A trial court's determination as to whether grounds exist for the granting of a Rule 59(e) motion is held to an 'abuse of discretion' standard." Mathis, 312 B.R. 912, 914 (citing American Home Assurance Co. v. Glenn Estess & Associates, 763 F.2d 1237, 1238-1239 (11th Cir.1985); accord McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir.1983); Weems v. McCloud, 619 F.2d 1081, 1098 (5th Cir.1980).

Where Courts have granted relief under Rule 59(e), they have generally done so in order to: (1) account for an intervening change in controlling law, (2) consider newly available

Nofziger memo opinion denying mot for reconsideration of object to claim.doc / / Revised: 9/19/2006 4:28 PM
Page: 2 of 6

Printed: 9/19/2006

evidence, or (3) correct clear error or prevent manifest injustice. Mathis, 312 B.R. 912 at 914 (citations omitted). Kalmanson clearly is dissatisfied with this Court's rulings in connection with the Order Overruling Objections to Debtor's Homestead Exemption (Doc. No. 283). Nevertheless, this is not sufficient to warrant reconsideration as there has been no change in controlling law, no newly available evidence presented, and no clear error or manifest injustice.

In connection with his Objection to Exemptions (Doc. No. 237), Kalmanson maintained that the debtor should not be entitled to exempt the full value of her homestead because, he argued, the debtor did not have such an interest until she obtained her former husband's interest in the homestead via a property settlement agreement executed within 180 days of the petition date. The Court, in its Memorandum Opinion (Doc. No. 284) overruling Kalmanson's Objection to Exemptions (Doc. No. 237), provided a detailed explanation of why the debtor is entitled to claim the entire value of her homestead as exempt from the claims of her creditors pursuant to the bankruptcy laws and the laws of the state of Florida. Pursuant to the standard for granting relief under Rule 59(e), as articulated in Mathis, 312 B.R. 912 at 914, Kalmanson has supplied no basis for this Court to reconsider its decision. Rather, he merely reasserted the same arguments objecting to the debtor's claimed homestead exemption that he made previously. Therefore, the Court will not reconsider its decision in connection with the debtor's homestead.

For example, Kalmanson again argues in his Motion for Reconsideration (Doc. No. 286) that certain other property distributed pursuant to the debtor's property settlement agreement with her former spouse is subject to administration by the Chapter 7 trustee, specifically, the debtor's interest in a race car business known as "Arlynn's Race Car Parts and Engines" (the "Race Car Business"). In her petition for dissolution of marriage, dated January 5, 2004 (Debtor's Exhibit 2), the debtor explained that during their marriage, she and her husband began

the Race Car Business which was held in her name, but which was operated by her husband. On her Schedule B, filed on September 20, 2004 (Doc. No. 17), the debtor claimed an interest of "unknown" value in the Race Car Business and did not claim any exemption in the Race Car Business on her Schedule C. In the debtor's earlier financial affidavit filed in connection with her divorce, on January 5, 2004, the debtor valued the Race Car Business at $500,000. Although the value of the Race Car Business is thus uncertain, the asset was not claimed as exempt and the debtor's former husband received "exclusive ownership and possession" of the Race Car Business pursuant to the parties' marital property settlement agreement. (Kalmanson's Exh. No. 7, at 13).

Notably, the Trustee has not sought to administer this asset in this case. Nor did the debtor use this asset as consideration for her husband's interest in the marital home. There is no indication now or in the earlier hearings on Kalmanson's Objection to Exemptions that the debtor "bought" or traded her interest in the Race Car Business for her former husband's interest in the marital homestead. Rather, as this Court previously held—the debtor was seized of the entire value of the homestead as a matter of law on the petition date and thereafter by virtue of Florida law, which also permitted her to claim the homestead as fully exempt from administration by the Chapter 7 Trustee.

Kalmanson did cite three cases in support of his Motion for Reconsideration, In re Stevens, 130 F.3d 1027 (11th Cir. 1997), In re Victor, 341 B.R. 775 (Bankr. D.N.M. 2006) and In re Hoyo, 340 B.R. 100 (Bankr. M.D. Fla. 2006), however, each case is distinguishable. In Stevens, the issue before the Court of Appeals for the Eleventh Circuit did not concern homestead, as in the present case, rather, it concerned whether the Chapter 13 trustee or a secured creditor who was named as the loss payee on an insurance policy was entitled to the

Nofziger memo opinion denying mot for reconsideration of object to claim.doc / / Revised: 9/19/2006 4:28 PM
Page: 4 of 6

Printed: 9/19/2006

proceeds paid by the insurer in excess of the amount the secured creditor would have received pursuant to the debtors' confirmed plan had the subject collateral, a truck, not been destroyed. The Eleventh Circuit Court of Appeals, as relevant here, simply found that the secured creditor was entitled to receive only the amount of its allowed claim as specified in the plan and not the somewhat higher amount that was paid by the insurer based on its contract with the debtors, and that the Chapter 13 trustee was entitled to administer the difference.

In Victor, the Bankruptcy Court found that the Chapter 7 trustee was entitled to liquidate the amount in excess of the debtor's exemptions, claimed pursuant to 11 U.S.C. § 522(d), for certain trailers deemed community property pursuant to the laws of the state of New Mexico. Victor is simply not relevant to the issues previously decided here concerning the debtor's homestead exemption claimed pursuant to Article X, Section 4(a)(1) of the Florida Constitution. In Victor, the value of the debtor's property exceeded the amount the debtor was entitled to claim as exempt pursuant to 11 U.S.C. § 522(d). Here, the exemption was claimed under Florida state law, which contains no upper monetary cap on the value of a home.

Lastly, Kalmanson cites a recent decision rendered by this Court in In re Hoyo, 340 B.R. 100 (Bankr. M.D. Fla. 2006), however, that case also is distinguishable. In Hoyo, this Court had to determine whether the debtor had an interest in certain property listed in her Marital Settlement Agreement (the "MSA") at the time she filed her Chapter 7 bankruptcy petition. Because the MSA had not been finalized by the state court presiding over the divorce case before the debtor filed her bankruptcy case, this Court held that "[t]he property (or at least the non-exempt property) [was] subject to administration by the Chapter 7 trustee as property of the estate." Hoyo, 340 B.R. at 103. Thus, in Hoyo, this Court did not consider or rule upon the validity of any exemptions claimed by the debtor and specifically held that only non-exempt

property was subject to administration by the trustee. In this case, the Court has already ruled that the debtor's homestead was fully exempt as of the petition date.

Kalmanson has provided no basis for this Court to reconsider his Objection to Claim of Exemption (Doc. No. 237) or the Order Overruling Objections to Debtor's Homestead Exemption (Doc. No. 283). Accordingly, the Motion for Reconsideration (Doc. No. 286) is denied. A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, on the 20th day of September, 2006.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor: Linda J. Nofziger, c/o Arlys L. Buschner, Esquire, Arlys L. Buschner, P.A., 1320 North Semoran Blvd., Suite 104, Orlando, FL 32807

Debtor's Attorney: Arlys L. Buschner, Esquire, Arlys L. Buschner, P.A., 1320 North Semoran Blvd., Suite 104, Orlando, FL 32807

Creditor's Attorney: David R. McFarlin, 1851 West Colonial Drive, Orlando, FL 32804

Trustee's Attorney: John H. Meininger, III, P.O. Box 1946, Orlando, FL 32802

Carla Musselman, Trustee, 1619 Druid Road, Maitland, FL 32751

United States Trustee, 135 W. Central Blvd, Suite 620, Orlando, FL 32801