UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| LINDA J. NOFZIGER, ) | Case No. 6:04-bk-09253-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

MEMORANDUM OPINION GRANTING
MITCHEL KALMANSON'S MOTION FOR SUMMARY JUDGMENT
ON DEBTOR'S THIRD MOTION FOR CONTEMPT

This case came on for consideration upon Mitchel Kalmanson's Sealed Motion for Summary Judgment (Doc. No. 535) (the "Motion for Summary Judgment") filed in response to the Debtor's Third Motion for Contempt (the "Third Contempt Motion") (Doc. No. 410). In the Third Contempt Motion, the debtor, Linda Nofziger, argues that Mitchel Kalmanson, a potential creditor, and Kalmanson's attorney, David McFarlin, improperly served a Notice of Deposition (the "Notice") in violation of various court orders[1] and, as a result, should be held in contempt and sanctioned. Specifically, the debtor argues that this Notice "violates both the spirit and mandate of every order entered by this court in connection with discovery matters. . . " and alleges that the Notice exposed sensitive, confidential information. The respondents assert that the Court cannot find contempt because service of the Notice violated no court order as a matter of law and seek a summary judgment in their favor. After considering the arguments of the parties and the applicable law, the Court grants the Motion for Summary Judgment and denies the Third Contempt Motion, for the reasons discussed below.

---

[1] Doc. Nos. 31 (the original Seal Order); 113 (the Protective Order); 316 & 317 (the Memorandum Opinion and related Order Denying Kalmanson's Motion for Relief from Seal Order); and 394 (the Order Granting Kalmanson's Sealed Motions for Relief from Seal Order and Protective Order).

Numerous discovery problems have arisen in this case resulting from provisions of an order, entered on October 8, 2004, providing that certain information relating to the debtor's past is confidential and protected from disclosure (the "Seal Order," Doc. No. 31). The debtor has represented that, in 1999, she assumed a new identity due to extreme domestic abuse. She expressed concern about her safety and the safety of her family if the alleged perpetrator (the "Alleged Abuser") located her. With that in mind and based solely on the debtor's representations, the Court entered the Seal Order granting a motion filed by the debtor (Doc. No. 14) requesting that the information disclosed during her meeting of creditors, held pursuant to Section 341 of the Bankruptcy Code[2] on September 16, 2004, be sealed. The Seal Order was entered in the exact format, without interlineations, as submitted by the debtor's attorney.

The Seal Order acknowledged that the debtor had received a new identity as of September 1999, that she was entitled to the confidentiality of her former identity (her pre-1999 identity), and that she may suffer substantial detriment if her pre-1999 identity imprudently was revealed. The Seal Order sealed the record of the 341 meeting pending further order of the Court. Further, the Seal Order provided that the debtor did not have to answer any questions or provide any information about herself, her family, or her finances prior to September 1999, and directed all parties in interest to refrain from directly or indirectly exposing any information divulged at the 341 meeting. Later, and to further protect sensitive information concerning the debtor's pre-1999 identity, in addition to the Seal Order, on June 15, 2005, the Court entered a Protective Order (Doc. No. 113) directing parties not to disclose information concerning the debtor's pre-1999 identity without further authority from the Court.

Since the entry of these two orders, the debtor has filed numerous motions contending that Kalmanson violated their terms by making the protected information available to the

---

[2] Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

Alleged Abuser, thereby potentially subjecting her and her family to harm. In that regard, the debtor filed three separate motions for contempt, the first two against Kalmanson, and the third against both Kalmanson and McFarlin.[3] The Court granted the first two motions for contempt (Doc. Nos. 186, 273, 310, and 354) finding that Kalmanson had disclosed protected information in violation of the Seal Order; however, the Court reserved any ruling on damages suffered by the debtor or the award of any sanctions, and set an evidentiary hearing to consider damages and sanctions.

At this initial hearing on damages and sanctions, held on September 19, 2006, the debtor claimed she was harmed by Kalmanson's actions and demanded substantial damages. The debtor, however, refused to provide any information as to the legitimacy of her safety concerns or the possible risk she feared from the Alleged Abuser. Clearly, the debtor could not seek damages against Kalmanson and, at the same time, refuse to answer legitimate discovery requests relating to how and why she sought these damages. The debtor's oral request for a continuance was granted to permit the debtor to respond to the outstanding discovery requests.

At the same hearing, the Court also granted Kalmanson's motions seeking relief from the Seal Order ("Kalmanson's Motions for Relief," Doc. Nos. 353 and 362) because of the debtor's continuing refusal to respond to legitimate discovery requests, arguing that the debtor should not be able to use information against him to prove damages if he was prevented from testing the veracity of her representations through normal third-party discovery. Specifically, Kalmanson wished to inquire as to the basis and nature of the alleged threats to the debtor by deposing persons with information about the threats. The full scope of permissible third-party discovery, however, was not specifically addressed at the hearing.

---

[3] The debtor later has filed two additional motions for contempt (Doc. Nos. 574 and 575).

On October 2, 2006, McFarlin then issued a Notice of Deposition to the Alleged Abuser setting his deposition for October 18, 2006. The Notice contained the debtor's bankruptcy case number, the name she used on her bankruptcy petition, "Linda J. Nofziger," and the name of the Alleged Abuser. The Notice contained no information relating to the debtor's pre-1999 identity. The Notice did not disclose any information revealed at the debtor's 341 meeting.

A few days later and after service of the Notice on the Alleged Abuser, on October 11, 2006, the Court entered a formal written order (Doc. No. 394), initially prepared by McFarlin and interlineated by the Court, which granted the relief requested in Kalmanson's Motions for Relief. In the interlineated order, the Court removed language that would have allowed Kalmanson, *at that time*, to take the deposition of third party witnesses, including the Alleged Abuser. Kalmanson immediately cancelled the scheduled deposition and later filed a separate motion requesting permission to take the deposition of the Alleged Abuser (Doc. No. 603). After resolving many additional, time consuming discovery disputes between the parties occurring over the next several months, which are irrelevant here, the Court recently granted Kalmanson's request to take the deposition of the Alleged Abuser (Doc. No. 642).

In Kalmanson's Motion for Summary Judgment, he argues only one issue. He contends he cannot be held in contempt because service of the Notice did not violate any existing court order and was in accordance with the oral ruling of the Court on Kalmanson's Motions for Relief. When the actual *written* order was issued, which initially limited the scope of third party discovery, Kalmanson cancelled the scheduled deposition of the Alleged Abuser. The debtor contests these conclusions.

Pursuant to Federal Rule of Civil Procedure 56, which is applicable under the Federal Rule of Bankruptcy Procedure 7056, a court may grant summary judgment where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56. The moving party has the burden of establishing the right to summary judgment. Fitzpatrick v. Schlitz (In re Schlitz), 97 B.R. 671, 672 (Bankr. N.D. Ga. 1986). In determining entitlement to summary judgment, a court must view all evidence and make all reasonable inferences in favor of the party opposing the motion. Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citing Dibrell Bros. Int'l S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994)). Therefore, a material factual dispute precludes summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). When opposing a motion for summary judgment, a party may not simply rest on the pleadings but must demonstrate the existence of elements essential to the non-moving party's case and for which the non-moving party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (cert. denied, 484 U.S. 1066 (1988)). Accordingly, Kalmanson has the burden of demonstrating that there are no material factual issues and that he is entitled to judgment as a matter of law, while the Court draws all inferences in the debtor's favor.

The sole issue raised by Kalmanson's Motion for Summary Judgment is whether the service by Kalmanson of the Notice violated any prior order. No material factual disputes exist. The parties agree the Notice was served. Resolution of the motion merely requires an analysis of this Court's prior orders to determine whether the service was made in violation of these prior orders.

In the Third Motion for Contempt, the debtor has alleged that Kalmanson and McFarlin violated the *spirit* and *mandate* of the orders entered by the Court concerning the disclosure of her pre-1999 identity. The debtor cannot point to a specific provision in any prior order which Kalmanson violated when he noticed the deposition of the Alleged Abuser. The relevant orders, all drafted by the debtor or her attorney, seal and protect from exposure information relating to the debtor's pre-1999 identity, not the debtor's current identity. The Notice did not reference any

such protected pre-1999 information or, for that matter, divulge any information disseminated at the debtor's 341 meeting. Here, Kalmanson did not take any action in violation of any court order. As such, the Court could not hold him in contempt.

Accordingly, the Court grants the Motion for Summary Judgment (Doc. No. 535) and denies the Third Motion for Contempt (Doc. No. 410). The Notice did not reveal sealed or protected information concerning the debtor's pre-1999 identity. A separate order consistent with this Memorandum Opinion shall be entered simultaneously herewith.

DONE AND ORDERED in Orlando, Florida, this 2nd day of November, 2007.

KAREN S. JENNEMANN
United States Bankruptcy Judge