UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| LINDA J. NOFZIGER, ) | Case No. 6:04-bk-09253-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

MEMORANDUM OPINION DENYING
MITCHEL KALMANSON'S MOTION TO DISQUALIFY

After years of litigation and with the trial to resolve Mitchel Kalmanson's contested issues with the debtor set to begin in approximately one month, Kalmanson filed a motion requesting that this Court recuse or disqualify itself from presiding over any further matters or proceedings in this bankruptcy case in which Kalmanson is a party (the "Recusal Motion") (Doc. No. 635).[1] Asserting four reasons,[2] Kalmanson argues that the Court's impartiality can be reasonably questioned such that recusal is warranted.

First, Kalmanson contends he was improperly excluded from a hearing held three years ago on a motion filed by the debtor requesting that the information disclosed during her meeting of creditors be sealed (the "Seal Motion") (Doc. No. 14). Second, Kalmanson argues that the Court erred in considering the Seal Motion without affidavits or sworn testimony and without formal notice and a final hearing. Third, Kalmanson argues that the Court erred in entering an order granting a motion for protective order filed by the United States of America, ex parte, and under seal (the "Government's Ex Parte Motion") (Doc. No. 554), seeking to quash a subpoena

---

[1] Kalmanson sought the Court's permission to file the Recusal Motion under seal (Doc. No. 626), which the Court granted in an order entered on October 15, 2007 (Doc. No. 634).

[2] Kalmanson also argues that the "Court conducted an ex parte hearing on Debtor's motion seeking relief against Kalmanson." (Doc. No. 635, p. 8, ¶ a). However, Kalmanson did not reference a hearing date or a docket number for any such motion. The Court believes that Kalmanson, or his attorney, has attended every motion hearing in which the debtor sought sanctions or other relief specifically against Kalmanson. Kalmanson was excluded from the hearing held on September 20, 2004, but, as discussed in this opinion, that hearing addressed only the Debtor's Motion Under Seal Requesting Sealing of 341 Proceedings (the "Seal Motion") (Doc. No. 14); no relief against Kalmanson was sought or granted at that hearing. Thus, the Court believes Kalmanson's allegation that the Court held an ex parte hearing on a motion by the debtor seeking relief against him is erroneous.

Kalmanson issued on the debtor's former attorney, Arlys Buschner, without providing a copy of the motion to Kalmanson for review prior to the hearing. (Kalmanson participated in and received a copy of the Government's Ex Parte Motion at the hearing.)  Fourth, Kalmanson argues that the Court provided improper personal instruction or legal advice to the debtor at a hearing held on August 30, 2007.  After considering the arguments raised by Kalmanson and the relevant law, the Court finds that recusal/disqualification is not appropriate and that the Motion was filed primarily to delay the upcoming trial, for the reasons discussed below.

Recusal of a federal bankruptcy judge is addressed in Bankruptcy Rule 5004,[3] which provides that disqualification decisions are governed by Section 455[4] of Title 28 of the United States Code.[5] The party seeking to recuse a judge bears the burden of proving that disqualification is warranted by clear and convincing evidence. In re Johns-Manville Corp., 43 B.R. 765 (D.C.N.Y. 1984) (citing United States v. IBM Corp., 618 F.2d 923, 931 (2d Cir. 1980)).

---

[3] Bankruptcy Rule 5004 provides in relevant part as follows:

(a) Disqualification of judge

A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises or, if appropriate, shall be disqualified from presiding over the case.

[4] Section 455 of Title 28 provides in relevant part as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

[5] Where personal bias or prejudice is alleged, Section 144 of Title 28 may provide an additional statutory basis for disqualification if the alleging party completes and files an affidavit stating that the judge has a personal bias or prejudice either against him/her or in favor of any adverse party. However, since Bankruptcy Rule 5004 does not specifically reference Section 144, some courts have held that Section 144 does not apply in bankruptcy cases, In re Teltronics Services, Inc., 39 B.R. 446, 451 (Bankr. E.D. N.Y. 1984); Matter of Pritchard & Baird, Inc., 16 B.R. 16, 18 (Bankr. D. N.J. 1981), while other courts have considered affidavits made pursuant to Section 144 when contemplating the disqualification of a bankruptcy judge. See In re Clark, 289 B.R. 193, 196-197 (Bankr.M.D.Fla.2002) (citing United States v. Carignan, 600 F.2d 762 (9th Cir.1979); In re Betts, 165 B.R. 233 (Bankr.N.D.Ill.1994)); In re Gulph Woods Corp., 84 B.R. 961 (Bankr. E.D. Pa. 1988); In re Chandler's Cove Inn, Ltd., 74 B.R. 772 (Bankr. E.D.N.Y. 1987); In re. B & W Management, Inc., 71 B.R. 987 (Bankr. D. D.C. 1987); In re Johnson-Allen, 68 B.R. 812 (Bankr. E.D. Pa. 1987). Regardless, the standards applied under Section 144 and Section 455 are the same, 2 BANKRUPTCY LITIGATION § 8:10, Howard J. Steinberg, July 2005 (citing Matter of Pritchard & Baird, Inc., 16 B.R. 16 (Bankr. N.J. 1981) (citing Johnson v. Trueblood, 629 F.2d 287, 290 (3rd Cir. 1980) cert. den. 450 U.S. 999, 101 S.Ct. 1704, 68 L.Ed.2d 200 (1981)), so it is of no consequence to this Court's decision that Kalmanson did not submit any affidavit.

In the Eleventh Circuit, "[t]he test for determining whether a judge should disqualify himself [or herself] under section 455(a) is whether a reasonable person knowing all the facts would conclude that the judge's impartiality might reasonably be questioned." Byrne v. Nezhat, 261 F.3d 1075, 1101 (11th Cir. 2001). "Stated another way, the question is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Id. (internal quotation and citation omitted). "Any alleged bias that arises from facts that are a matter of record, which a judge learned from his [or her] involvement in a case is not sufficient to warrant a recusal." In re Clark, 289 B.R. 193, 196-197 (Bankr.M.D.Fla.2002). Rather, such bias must be one of a personal nature, "not one arising from a judge's view of the law…A judge's views on legal issues may not serve as a basis for motion to disqualify." Id. (citing Hale v. Firestone Tire & Rubber Co., 756 F.2d 1322 (8th Cir.1985); In re M. Ibrahim Khan, P.S.C., 751 F.2d 162 (6th Cir.1984); Hasbrouck v. Texaco, Inc., 842 F.2d 1034 (9th Cir.1988), *aff'd*, 496 U.S. 543 (1990); Vangarelli v. Witco Corp., 808 F.Supp. 387 (D.N.J.1992). As explained by the Supreme Court of the United States in Liteky:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal. [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

Liteky, 510 U.S. at 555-556 (internal quotation omitted). Accordingly, under the legal standard set forth above, Kalmanson bears the burden of showing by clear and convincing evidence that the Court should recuse or disqualify itself from further matters to which Kalmanson is a party because a disinterested observer could have significant doubts about the Court's impartiality or could conclude that the Court is biased against Kalmanson. The Court will discuss each of

Kalmanson's four asserted reasons for recusal in chronological order to analyze whether Kalmanson has met this standard.

First, Kalmanson asserts the Court is impartial or biased toward him because he was excluded from a hearing held over three years ago on September 20, 2004.  At the hearing on the debtor's Seal Motion, the debtor requested the Court to close the courtroom to any third party, such as Kalmanson, because she needed to reveal confidential information regarding her former identity, which she changed, as a result of extreme domestic abuse, in 1999.  The debtor expressed significant safety concerns for herself and her family from the alleged perpetrator if information relating to her pre-1999 identity was disclosed.  Because no relief was sought against Kalmanson or anyone else, the Court, acting out of an abundance of caution, granted the debtor's request, excluded Kalmanson, and conducted the hearing on an <u>ex</u> <u>parte</u> basis.

On October 8, 2004, the Court granted the Seal Motion (Doc. No. 31) and provided parties should not disclose information revealed at the debtor's meeting of creditors held pursuant to Section 341 of the Bankruptcy Code.[6]  The Seal Order outlined procedures parties can follow to get a copy of the 341 transcript, which Kalmanson thereafter obtained (Doc. No. 328).  Additionally, the Court found that the debtor was entitled to the confidentiality of her pre-1999 identity and that she faced a palpable risk of physical harm to her and her children if her prior identity were imprudently revealed.  Therefore, parties in interest, such as Kalmanson, were directed not to inquire into the debtor's pre-1999 identity.

Soon after this <u>ex</u> <u>parte</u> hearing, Kalmanson filed a Motion to Set Aside the Seal Order (Doc. No. 39).[7]  This Court entered an order denying the Motion to Set Aside the Seal Order on February 4, 2005 (Doc. No. 66). Thereafter, Kalmanson sought rehearing of the Order Denying

---

[6] Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

[7] In the Motion to Set Aside the Seal Order, Kalmanson also requested other types of relief including a rehearing on his motion for modification of the automatic stay and the dismissal of the debtor's then Chapter 13 case as a bad faith filing (Doc. No. 69).

the Motion to Set Aside (Doc. Nos. 69, 70, and 71), which the Court denied on June 15, 2005 (Doc. No. 114) (the "Order Denying Rehearing on the Motion to Set Aside"). Kalmanson then appealed the matter to the United States District Court for the Middle District of Florida, filing a Notice and Statement of Issues on Appeal (Doc. Nos. 120 and 126) attacking the Seal Order and the Order Denying Rehearing on the Motion to Set Aside on multiple grounds, including that this Court failed to comply with mandated procedures for sealing proceedings, abused its discretion, and, specifically, denied Kalmanson his right of access by excluding him from the ex parte hearing held on September 20, 2004.

In ruling on Kalmanson's appeal, the United States District Court for the Middle District of Florida noted that Kalmanson "sought clarification of the legal authority by which Judge Jennemann had sealed portions of the record and requested modification of the Seal Order so that some then-sealed information could be discussed with a potential new appellate attorney." (the "District Court Order," 05-CV-1474-ORL-31-DAB, Doc. No. 26, pp. 5-6). The District Court found that "Judge Jennemann's denial . . . of clarification of the legal basis for the seal order, and her denial of a modification of the seal order" [were] . . . properly before [the District] Court on appeal." (05-CV-1474-ORL-31-DAB, Doc. No. 26, p. 6). The District Court concluded that Kalmanson provided no basis for overturning this Court's decision to deny the Set Aside/Rehearing Motion and failed to show that this Court's decision to seal portions of the case constituted an error or an abuse of discretion.[8] (05-CV-1474-ORL-31-DAB, Doc. No. 26, p. 7).

Therefore, Kalmanson has appealed the validity of the Seal Order and his exclusion from the hearing and lost.[9] The District Court affirmed the Seal Order and upheld the legitimacy of its entry. Now, however, Kalmanson asserts the Seal Order, affirmed on appeal, demonstrates bias or prejudice. The Court rejects this argument finding that Kalmanson simply is a disgruntled

---

[8] Kalmanson thereafter sought rehearing of the District Court Order (05-CV-1474-ORL-31-DAB, Doc. No. 27), which request the District Court summarily denied on June 5, 2006 (05-CV-1474-ORL-31-DAB, Doc. No. 28).
[9] Kalmanson also appealed the District Court Order to the Eleventh Circuit Court of Appeal (05-CV-1474-ORL-31-DAB, Doc. No. 29). The Eleventh Circuit declined to accept jurisdiction (Doc. No. 571).

losing litigant. The fact that an appellate court has reviewed and affirmed the actions of this Court is certainly sufficient to find recusal is not merited insofar as a reasonable person, knowing the facts, would not conclude the Court was impartial.

Second, Kalmanson argues that this Court's impartiality can be questioned because the Court considered the Seal Motion without affidavits or sworn testimony and that the Seal Order is in the nature of a temporary retraining order for which the Court failed to provide him notice and a final hearing. Kalmanson has failed to establish any basis why the debtor's Seal Motion would constitute a "temporary restraining order." Blacks Law Dictionary, Seventh Edition, p.1477, defines a temporary restraining order as: "A court order preserving the status quo until a litigant's application for a preliminary or permanent injunction can be heard. A temporary restraining order may sometimes be granted without notifying the opposing party in advance."

A request to seal is not analogous to a request for an injunction. An order granting a motion to seal merely protects otherwise public documents from review without further court approval. In no way does an order sealing a record constitute an attempt to preserve the status quo or require the typical balancing test applied in issuing an injunction. Nor is there any requirement that a request to seal public records, whether due to trade secret, safety, or other concerns, requires any type of testimony or affidavits. For example, Local Rule 1.09 of the United States District Court for the Middle District of Florida governs filing under seal and does not require affidavits or sworn testimony to accompany such filings. Therefore, Kalmanson has failed to demonstrate any type of procedural irregularity connected with the entry of the Seal Order. But, even if such procedural irregularities existed, the errors were raised and resolved by the appeal to the District Court.

Third, Kalmanson argues that the Court's impartiality can be reasonably questioned because the Court entered an order granting a motion for protective order filed by the United States of America, ex parte, and under seal (the "Government's Ex Parte Motion") (Doc. No.

554). The Government sought to quash a subpoena Kalmanson issued to the debtor's former attorney, Arlys Buschner. Kalmanson argues recusal is required because he did not receive a copy of the Government's Ex Parte Motion prior to the hearing. Kalmanson's attorney, however, was supplied with a copy of the Government's Ex Parte Motion at the time of the hearing, held on July 19, 2007. At this hearing, Kalmanson, through his attorney, fully participated in the hearing. He objected to the relief sought by the Government and contended he was entitled to take Ms. Buschner's deposition. Kalmanson's position, however, was not accepted by the Court pursuant to the oral findings of fact and conclusions of law made by the Court at the hearing. As explained in the later written order (Doc. No. 566), Kalmanson's request to depose Ms. Buschner was denied, in part, because Kalmanson did not ask to take Ms. Buschner's deposition in the parties' agreed discovery plan (Doc. No. 495), because Kalmanson expressed no valid reason why the deposition was needed to resolve any pending issues, "and further, that the taking of this deposition would risk interfering with, and may result in the unjustified disclosure of, information provided to federal law enforcement officers in connection with a pending criminal investigation in violation of the law enforcement exemption to discovery." (Doc. No. 566, p. 1). Although Kalmanson may dislike the Court's ruling, judicial rulings are not a valid basis for recusal. Appeals are the proper vehicles to address judicial errors, not motions to recuse. Thus, Kalmanson has failed to show any basis for recusal based on this judicial ruling.

Fourth, Kalmanson argues that recusal is justified because, he claims, the Court provided personal instruction or legal advice to the debtor at a hearing held on August 30, 2007. Many unrelated motions were resolved at this hearing (Doc. No. 600). At the conclusion, the Court asked the parties whether there were any remaining issues the Court needed to address. The debtor sua sponte spoke and claimed that Kalmanson follows her, or has her followed, and copies her vehicle tags in an attempt to ascertain where she currently lives. The debtor then expressed a concern that none of the orders issued by the Court so far specifically prevented

Kalmanson from engaging in this type of behavior and made an ambiguous oral motion for an order essentially directing Kalmanson not to follow her when she comes to Orlando.

Kalmanson's lawyer, McFarlin, objected to the debtor's claims, arguing that they were tantamount to unsworn and unrebutted testimony and that he had no notice that the debtor would be seeking such an order from the Court because she filed no written motion containing these claims. He argued advance notice was needed for such an unusual request so he could prepare a response or rebuttal. McFarlin's position was simply that, if the debtor desired a court order, she must file a written motion saying so.

The Court agreed with Kalmanson's attorney and explained that its jurisdiction as a bankruptcy court was limited to such matters as liquidating assets and issuing discharges, that it did not address criminal issues, and lacked the jurisdiction to address the type of relief the debtor sought. The Court further opined and explained that, even if the Court had jurisdiction to intervene in criminal matters, no such relief would be granted absent a properly noticed written motion requesting such relief. Thus, the Court agreed with Kalmanson's position and denied the debtor's ore tenus request for relief. Lastly, the Court explained to the debtor that, if she believed she had security issues, she would need to address them with the police. The Court explicitly stated that it was not encouraging the debtor to take such action. The Court, during this colloquy, adopted Kalmanson's position in toto and does not believe that a reasonable person reviewing the transcript would conclude that the Court lacked impartiality or was biased against Kalmanson. As such, Kalmanson has failed to show any basis for recusal.

In summary, the Court finds Kalmanson has demonstrated no basis for this Court to recuse itself from contested matters or proceedings to which he is a party and suspects that Kalmanson filed the Recusal Motion in an attempt to avoid or to delay the upcoming trial on the matters set for hearing in this case on December 10, 2007. Kalmanson has failed to clearly and convincingly demonstrate that a reasonable person knowing all the facts would conclude that the

Court's impartiality might be questioned. The Recusal Motion is denied. A separate order consistent with this Memorandum Opinion shall be entered simultaneously herewith.

DONE AND ORDERED in Orlando, Florida, this 9th day of November, 2007.

_____
KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor:  Linda J. Nofziger, P.O. Box 2465, #054, Harrisburg, PA  17105-2465

Trustee:  Carla Musselman, 1619 Druid Road, Maitland, FL  32751-4211

Movant:  Mitchel Kalmanson, P.O. Box 940008, Maitland, FL  32794-0008

Movant's Attorney:  David R. McFarlin, 1851 West Colonial Drive, Orlando, FL  32804-7013

John H. Meininger, P.O. Box 1946, Orlando, FL  32802-1946

United States Trustee, 135 W. Central Blvd., 6th Floor, Orlando, FL  32801