UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| LINDA J. NOFZIGER, ) | Case No. 6:04-bk-09253-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

MEMORANDUM OPINION DENYING
WILLIAM GLEN ROY, JR.'S MOTION TO DISMISS
DEBTOR'S FOURTH AND FIFTH MOTIONS FOR CONTEMPT

William Glen Roy, Jr. is an attorney who represents a potential creditor, Mitchel Kalmanson, of the debtor in this case, Linda Nofziger. The debtor has filed two motions[1] seeking a finding of civil and criminal contempt and the award of sanctions against Kalmanson, Roy, and two other attorneys—David McFarlin[2] and T.W. Ackert (Doc. No. 574 and 575). Roy seeks to dismiss these two motions asserting that he is not a party in this bankruptcy, that he did not receive proper service of the motions, and that the debtor's motions for contempt fail to state a claim upon which relief can be granted (Doc. No. 82 filed in Adversary Proceeding 06-35).[3] For the reasons discussed below, the motion to dismiss is denied.

In order to understand the context of this dispute, a little background is needed. Years ago, on October 8, 2004, the Court entered an order (Doc. No. 31) prohibiting parties from disclosing information relating to the debtor's former life, her family, or her finances prior to September 1999, subject to the right of any impacted party to seek relief from the confidentiality

---

[1] The debtor has filed five similar motions for contempt, to date. (Doc. Nos. 300, 310, 410, 574, and 575). One motion was resolved by summary judgment (Doc. Nos. 643 and 644). An evidentiary hearing is scheduled on the remaining four motions, as well as several other matters, for December 10, 2007.

[2] Roy represents Kalmanson in a pending state court divorce action that tangentially involves the debtor. David McFarlin represents Kalmanson in this bankruptcy case. Kalmanson and the debtor each have raised numerous contested issues between them pending resolution before this Court.

[3] Roy incorrectly filed his motion to dismiss in a related pending adversary proceeding, Adversary Proceeding 06-35, rather than in the debtor's main bankruptcy case, where her motions for contempt are pending. The Clerk is directed to file a copy of Roy's motion to dismiss in the main case.

restrictions. These confidentiality restrictions were imposed based solely on the debtor's assertions that she was required to assume a new legal identity after a violent incident involving one of her former spouses (the "Alleged Abuser"). The debtor further contends that disclosure of her prior identity could lead to the Alleged Abuser locating her and harming her and her two daughters.

Substantial litigation has resulted from the entry of this order. The debtor has filed five separate motions for contempt (Doc. Nos. 300, 310, 410, 574, and 575), two of which seek relief against Roy (Doc. Nos. 574 and 575). The Court already has held that Kalmanson "did intentionally flaunt the confidentiality provisions" of the initial order (Doc. Nos. 272 and 273); however, the Court deferred ruling on the award of sanctions for this violation. As the debtor continued to file additional motions for sanctions and as the other disputed issues between the parties ripened, the Court entered additional orders outlining the scope of permissible discovery and attempting to provide guidance to the parties during the litigation.

One significant order, entered on March 8, 2007, provided specific direction to the parties (the "Clarification Order"; Doc. No. 487). The order was entered "to address…seemingly endless discovery and disclosure disputes between the parties and to give the parties guidance about what they can and cannot discuss with other third parties." The order was directed to "Kalmanson and the debtor, **as well as their advisors, attorney, and representatives (to be interpreted in the broadest sense possible**)."   (Doc. No. 487, pg. 3, emphasis added). Kalmanson was allowed to share confidential information with his attorneys as long as "he first provide[d] them with a copy of this order that directs them to maintain the confidentiality of any protected information." Further, because the debtor recently had moved away from the Central Florida area, because her current living arrangements were not relevant in any way, and because disclosure of her new residence could expose the debtor and her family to possible physical harm, the parties to the bankruptcy, including Kalmanson and his lawyers, were prohibited from

inquiring "about the debtor's current residence/domicile from the debtor or anyone else and, to the extent the information is inadvertently disclosed, the debtor's residence/domicile shall be kept strictly confidential." (Doc. No. 487, pg. 4, paragraph 4).  The Clarification Order further provided that any "general discovery from third parties regarding the debtor's life prior to 1999" was to be used only in connection with the bankruptcy litigation. Therefore, at a minimum, the Clarification Order required Kalmanson and his attorneys to refrain from asking the debtor or anyone else any question to discover where the debtor currently lives and provided that any discovery they obtained was to be used *only* in the bankruptcy forum, without further court order.

The debtor contends that these two provisions were violated in her two motions for contempt filed against Roy.   First, the debtor contends that, on April 6, 2007, after the entry of the Clarification Order, Roy asked the debtor's former husband, Arlynn Nofziger, questions relating to the debtor's current home.  Roy apparently asked Mr. Nofziger: "Do you—again, not trying to violate any order looking for her, but do you know where she [the debtor] is today?" (Ex. C., p. 11, lines 19-21, Doc. No. 575).  Roy also made the following inquiry, "But based on this do you believe she's living in Tallahassee?"  When Mr. Nofziger answered no, Roy stated, "I'm trying to find her address."(Ex. C, p. 9, lines 16-19, Doc. No. 575).

Second, the debtor contends that discovery taken in connection with disputed issues in this bankruptcy case was used by Roy in Kalmanson's pending state court divorce action pending in Lake County, Florida, Case Number 99-178-CA-01 (the "Divorce Case").  The debtor specifically asserts that, on March 9, 2007, Roy filed a deposition of Arlynn Nofziger, taken earlier by McFarlin on January 9, 2007, in the Divorce Case as an exhibit to Kalmanson's Motion for Injunctive Relief for Orders of Protection and for an Order Sealing the Case File.[4]

---

[4] The debtor also asserts that Roy, and possibly the other respondents, coerced testimony from third party witnesses, including Mr. Nofziger, by threatening Kalmanson would file criminal charges or institute litigation against them if they did not cooperate.  Although none of the third party witnesses has complained of any alleged impropriety, these allegations raise intensely factual issues that are not susceptible to resolution on a motion to dismiss.

In response, Roy filed a motion titled: Non-Party Motion Under Seal, with Limited Appearance to Challenge Jurisdiction, Motion to Dismiss and Address Due Process Issues Regarding Debtor's Pleadings and Continuing Bad Act in Related Cases. (Doc. No. 82 filed in Adversary Proceeding 06-35). In essence, the motion raises three issues. Roy first contends that this Court lacks jurisdiction over him because he is not a party to this bankruptcy case. Second, Roy contends that the debtor did not properly serve the two motions for contempt on him. Third, Roy raises numerous factual disputes asserting that the debtor has failed to state a claim upon which a finding of contempt could enter.

In support of his motion, Roy filed voluminous, factually intensive exhibits. The exhibits initially attached to the motion are over 1,000 pages long. Roy later filed three supplemental pleadings, all attaching more pleadings and documents he would have the Court review and consider on his motion to dismiss.

In considering motions to dismiss, the reviewing court must accept the allegations in the contested pleading or complaint as true and construe them in the light most favorable to the moving party. Financial Security Assur., Inc. v. Stephens, Inc., 450 F.3d 1257, 1262 (11th Cir. 2006)(citing Roberts v. Fla. Power & Light Co., 146 F.3d 1305, 1307 (11th Cir. 1998)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Financial Security, 450 F.3d at 1262 (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is…exceedingly low." Financial Security, 450 F.3d at 1262 (citing Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir 1985). This Court, therefore, must review Roy's motion to dismiss in the light most favorable to the debtor, accepting as true all well pleaded facts.

Roy first argues that this Court lacks jurisdiction over him because he is not a party in this bankruptcy case. Roy, however, is the attorney for Kalmanson, a party in interest. Moreover, based on the content of the colloquy between Roy and Arlynn Nofziger, Roy was aware of the Clarification Order and its restrictions that he could not ask anyone questions regarding the debtor's current residence; yet, Roy then asked questions designed exactly to get information about the debtor's current home. Whether this exchange between Roy and Nofziger actually occurred is a factual issue, but, as explained in more detail below, the debtor has stated a claim upon which an order of contempt could rest.

Therefore, Roy's argument, in its essence, is either that bankruptcy courts lack power to enforce their orders through contempt powers or that attorneys, as representatives of parties involved in a bankruptcy case, are somehow immune from contempt sanctions. As to the first point, the Eleventh Circuit Court of Appeals has soundly held in a case binding on this Court that bankruptcy courts have civil contempt powers to insure compliance with court orders. In re Lawrence, 279 F3d 1294, 1297 (11th Cir 2002); In re Hardy, 97 F3d 1384 (11th Cir. 1996). Although courts disagree whether bankruptcy courts hold criminal contempt powers, *no* question exists in this jurisdiction that bankruptcy courts hold civil contempt power. Therefore, if the debtor succeeds in proving the allegations contained in her contempt motions, this Court has the power to issue necessary contempt orders against Roy and the other respondents.

Moreover, the fact that Roy represents Kalmanson only in the Divorce Action and not in this bankruptcy case does not shield him from contempt sanctions. Roy was aware of the restrictions of the Clarification Order. The debtor alleges he violated the terms of the order, exposing her to potential harm and damages. If Roy knowingly committed these violations, as Kalmanson's representative, he properly should face the consequences of his actions. The Clarification Order was directed to Kalmanson and to his "advisors, attorneys, and representatives," including Roy. If a party could simply hire a new attorney to represent him in a

different forum and then escape any confidentiality restrictions imposed by the original court, parties could avoid complying with court orders simply by hiring multiple lawyers. Such is not the case. Roy is subject to the jurisdiction of this Court.

Roy next argues that the debtor failed to properly serve the two motions for contempt on him. In a contested matter, such as that raised by these motions, Bankruptcy Rule 9014(b) provides that service is accomplished as required by Bankruptcy Rule 7004. In turn, Bankruptcy Rule 7004(b) approves services by first class mail on an individual by mailing a copy of the motion to the place where the person "regularly conducts a business or profession."

Here, in looking at the debtor's certificate of service, the debtor swore she mailed the motions to Roy using regular mail service. She sent both motions by first class mail to Roy's law office, where he regularly practices law, using the following address: 411 West Central Parkway, Altamonte Springs, Florida 32714. Although Roy raises a factual issue as to whether the debtor actually mailed the motions to his office, Roy merely raises an evidentiary dispute that is not subject to resolution on a motion to dismiss. The debtor's certificate of service indicates proper service; Roy disputes service. Weighing the arguments in the light most favorable to the debtor, she properly served Roy with the motions.

Lastly, Roy argues that the debtor failed to state a claim upon which an order of contempt could lie. In ruling on this point, the Court, as previously stated, must assume all allegations in the debtor's original motions are true. Factual disputes are reserved for later evidentiary hearings. Here, the debtor makes three basic allegations.

First, she argues Roy violated the Clarification Order by asking Arlynn Nofziger questions regarding her current residence. The Clarification Order specifically prohibited Kalmanson or his attorneys from asking anyone about the debtor's current residence. In support of this allegation, the debtor attached a transcript of Mr. Nofziger's sworn statement that not only supports the debtor's allegation that Roy asked Mr. Nofziger about the debtor's current

residence, but also, in reading the transcript, appears to establish that Roy knew of the existence of the Clarification Order at the time he asked the question, insofar as Roy stated he was "not trying to violate any order looking for her." The debtor has pled a basis that would establish that Roy violated an order of this Court, that he was aware of the order when he committed the act, and, upon further evidentiary proof, could justify a finding of contempt.

Second, the debtor asserts that Roy violated the Clarification Order by filing a discovery deposition taken in this bankruptcy case in the pending Divorce Action. In support of this allegation, the debtor attached a motion signed both by Roy and Kalmanson and filed in the Divorce Action on or about March 9, 2007, which attached a discovery deposition of Arlynn Nofziger taken in this bankruptcy case on January 9, 2007. The Clarification Order specifically provided that discovery taken in this bankruptcy case was to "be used only in connection with the litigation pending before this Court." As such, the debtor has stated a claim upon which a finding of contempt could issue if, after an evidentiary hearing, she proves that Roy filed a discovery taken in this bankruptcy case in the Divorce Action.

Lastly, Roy attached voluminous exhibits both initially and in supplemental filings raising various factual arguments as to why the debtor is not entitled to relief. Factual disputes are not subject to resolution at the motion to dismiss stage. Rather, factual issues are best resolved through evidentiary hearings, which, in this case, are scheduled to begin on December 10, 2007. Therefore, all of the numerous arguments questioning the debtor's veracity, motives, and actions, while possibly relevant at the evidentiary hearing, are not properly considered by the Court at this juncture.

Roy's motion to dismiss is denied. The evidentiary hearing on the debtor's motions for contempt (Doc. Nos. 574 and 575) will begin at **10:00 a.m. on December 10, 2007**. A separate order consistent with this Memorandum Opinion shall be entered simultaneously herewith.

DONE AND ORDERED in Orlando, Florida, this 15th day of November, 2007.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor: Linda J. Nofziger, #054, P.O. Box 2465, Harrisburg, PA 17105-2465

Trustee: Carla Musselman, 1619 Druid Road, Maitland, FL 32751

United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801

T.W. Ackert, Esq., P.O. Box 2548, Winter Park, FL 32790-2548

William Glen Roy, Jr., Esq., 411 West Central Parkway, Altamonte Springs, FL 32714-2409

David R. McFarlin, Wolff, Hill, McFarlin & Herron, PA, 1851 West Colonial Drive, Orlando, FL 32804-7013

Mitchel Kalmanson, P.O. Box 940008, Maitland, FL 32784