UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| LINDA J. NOFZIGER, ) | Case No. 6:04-bk-09253-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

MEMORANDUM OPINION ON MITCHEL KALMANSON'S RESPONSE TO THE COURT'S ORDER DIRECTING KALMANSON
TO REIMBURSE THE DEBTOR FOR DEPOSITION COSTS
 AND MOTION TO RECUSE AND MOTION FOR REHEARING (DOC. NO. 814)

On August 8, 2008, the Court ordered Mitchel Kalmanson to reimburse the debtor, Linda J. Nofziger, for $385.50 in costs she incurred in taking his deposition (Doc. No. 811). Twelve days later, Kalmanson sent a check to the Court, not the debtor, instructing the Court to hold the check in "escrow." On August 22, 2008, the Court returned the check to Kalmanson explaining, "The funds are not to be paid to the Court. The Court does not have an escrow account to hold funds." (Doc. No. 815).

In his response, which contains a request for recusal and reconsideration, Kalmanson first argues that he could not remit payment to the debtor directly as the Court ordered because he did not have her physical mailing address (Doc. No. 814). Second, Kalmanson argues that the deposition costs awarded to the debtor by the Court were unsubstantiated by sufficient documentation and that he is entitled to depose the debtor and have a full evidentiary hearing on the amount of fees and costs. Third, Kalmanson renews his repeated argument that this Court should recuse itself and reconsider its decisions on nearly every other issue in this case.

First, the Court rejects Kalmanson's position that he needs a physical address for the debtor in order to remit the payment due to her. The debtor has supplied an address which the parties have used throughout the case: #54, P.O. Box 2465, Harrisburg, PA 17105-2465. The

debtor receives service at this address and can receive payment from Kalmanson there as well. He cannot argue "lack of address" as an excuse for failing to comply with the Court's order.

Second, Kalmanson asks to take formal discovery and have the Court conduct a full evidentiary hearing over the amount awarded—$385.50. This relatively *de minimus* amount was assessed after the debtor filed an affidavit and Kalmanson filed a response (Doc. Nos. 807 and 808). The Court considered both parties' submissions and partially sustained Kalmanson's objection by requiring him to pay only $385.50 of the $677.50 requested by the debtor. Kalmanson has had a full and fair opportunity to present his position on the award of deposition costs to the debtor. No further discovery, evidentiary hearing, or reconsideration of the Court's ruling is necessary or appropriate.

Third, Kalmanson argues that there is a pending request for recusal that this Court overlooked or ignored or, in the alternative, that the Court should reconsider its earlier ruling finding that recusal was not merited. However, no motion to recuse is pending in this case. To the extent Kalmanson's most recent response is a *new* motion for recusal, the Court denies the request for the same reasons articulated in the Court's earlier decision denying Kalmanson's previous request (Doc. No. 635) that the Court disqualify or recuse itself (Doc. Nos. 651 and 652). To the extent Kalmanson requests in his response that the Court reconsider any of its other prior decisions, the Court also denies that request for the same reasons articulated in the Court's earlier decision denying Kalmanson's previous motion (Doc. No. 156 in Adversary Proceeding 6:06-ap-35) seeking reconsideration (Doc. Nos. 164 and 165 in Adversary Proceeding 6:06-ap-35).

A separate order consistent with this Memorandum Opinion shall be entered simultaneously herewith.

DONE AND ORDERED on September 22, 2008.

          KAREN S. JENNEMANN
          United States Bankruptcy Judge

Copies provided to:

Debtor:  Linda J. Nofziger, #054, PO Box 2465, Harrisburg, PA  17105-2465

Trustee:  Carla Musselman, 1619 Druid Road, Maitland, FL  32751

Trustee's Attorney:  John H. Meininger, III, P.O. Box 1946, Orlando, FL  32802

United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL  32801

Plaintiff: Mitchel Kalmanson, P.O. Box 940008, Maitland, FL  32784

Plaintiff's Attorney:  David McFarlin, Esquire, 1851 West Colonial Drive, Orlando, FL 32804

William Glen Roy, Jr., 411 West Central Parkway, Altamonte Springs, FL  32714-2409

T.W. Ackert, Esquire, P.O. Box 2548, Winter Park, FL  32790